NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BALWINDER SINGH, | No. 17-71625 |
| Petitioner, | Agency No. A208-617-858 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2022**
Pasadena, California

Before: NGUYEN and FORREST, Circuit Judges, and FITZWATER,*** District Judge.

Balwinder Singh petitions for review of the Board of Immigration Appeals'

(BIA) decision affirming the Immigration Judge's (IJ) denial of asylum, withholding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition as to Singh's claims for asylum and withholding of removal, but we deny the petition as to Singh's application for CAT protection.

Where the BIA issues a *Burbano* affirmance, *see In re Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), "and expresses no disagreement with the IJ's decision, we review the IJ's order as if it were the BIA's." *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).

1. ***Asylum & Withholding of Removal****.* Singh received phone calls from Badal political party members threatening that they would kill him if he did not denounce his own political party. He was beaten twice by a group of Badal political party members making the same demands. In one confrontation, the group beat him unconscious with "wooden sticks and with their hands and their legs" and left him lying where they found him. A second confrontation and beating occurred several months later during which Singh suffered internal injuries and sought treatment at the hospital. After these confrontations, Badal party members again threatened Singh, warning: "[n]ext time we will kill you." The agency found Singh credible but denied him asylum because it found that his past harm did not constitute persecution. This was error. Under our precedent, repeated and specific death threats combined with physical harm related to those threats constitutes persecution. *See Aden v.*

*Wilkinson*, 989 F.3d 1073, 1082–83 (9th Cir. 2021) ("[W]hen the incidents have involved physical harm *plus something more*, such as credible death threats, we have not hesitated to conclude that the petitioner suffered persecution."); *see also Ruano v. Ashcroft*, 301 F.3d 1155, 1158–61 (9th Cir. 2002). While the agency relied in part on Singh's failure to seek medical treatment after the first beating, such failure "is hardly the touchstone of whether [petitioner's] treatment" amounts to persecution. *Lopez v. Ashcroft*, 366 F.3d 799, 803 (9th Cir. 2004).

The agency did not address any of the other elements for establishing past persecution. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (stating elements). It may have improperly placed the burden on Singh to establish a well-founded fear of persecution based on its finding that Singh failed to establish past persecution. *See Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) (explaining that "[p]ast persecution 'triggers a rebuttable presumption of a well-founded fear of future persecution'" and shifts the burden to the government "to show by a preponderance of the evidence that the applicant either no longer has a well-founded fear of persecution in the country of his nationality, or that he can reasonably relocate internally to an area of safety" (quoting *Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1073 (9th Cir. 2004))). The agency's denial of withholding of removal was based on its decision to deny Singh asylum. We therefore remand for the agency to determine whether Singh satisfies the remaining elements of

asylum and withholding of removal: (1) whether his persecution was on account of a protected ground; (2) whether he was persecuted by forces the government was unable or unwilling to control; and if he establishes all the elements of past persecution, (3) whether the government has rebutted the presumption of a well-founded fear of future persecution. If Singh is found eligible for asylum, the agency should further determine whether to exercise its discretion to grant such relief.

2. ***CAT Protection.*** To be eligible for CAT relief, the applicant must show that it is more likely than not that he would be tortured "with the consent or acquiescence of a public official" if removed. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). "Torture is an extreme form of cruel and inhuman treatment," 8 C.F.R. § 1208.18(a)(2), that is "more severe than persecution," *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018)). We see no error in the agency's conclusion that Singh failed to establish that it is more likely than not that he would be tortured if removed to India. *See Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007) (while evidence compelled a finding of persecution where petitioner was beaten on four occasions, it did not compel a finding of likelihood of torture); *see also Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (similar). We therefore deny Singh's petition as to his application for CAT relief.

**PETITION GRANTED IN PART, DENIED IN PART; REMANDED.**

4